```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NEHEMIAH BELLAMY,

                  Plaintiff,
                                         ORDER
       -against-                         11-CV-6123(JS)(AKT)

RICHARD DORMER, Suffolk County
Police Commissioner,

                  Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:     Nehemiah Bellamy, Pro Se
                   Sing Sing Correctional Facility
                   354 Hunter Street
                   Ossining, New York 10562

For Defendant:     No Appearance.
```

SEYBERT, District Judge:

On December 15, 2011, pro se plaintiff Nehemiah Bellamy ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against Richard Dormer, Suffolk County Police Commissioner ("Defendant"). Accompanying the Complaint is an application to proceed in forma pauperis. Plaintiff's request for permission to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte dismissed as against the Defendant with prejudice and Plaintiff is granted leave to file an **Amended Complaint as set forth below within thirty (30) days from the date this Order is served with notice of entry upon him.**

BACKGROUND

The brief handwritten Complaint submitted on the Court's Section 1983 complaint form alleges the following in its entirety:

> The Police Commissioner Richard Dormer acting under color of law by and through his officers, agents and employees, particularly Police Officer Sean Hanley, P.I.D. #40060 Shield #5740, Police Officer Reese, Shield #6030 and Detective Guido R. Cirenza, P.I.D. #33613, Shield #1381 violated my Federal constitutional rights by illegally detaining me, which is a violation of the 4th Amendment where my right is to be secured in my person, house, papers and effects against unreasonable searches and seizures shall not be violated and no warrants shall issue but upon probable cause supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized. The above mentioned officers did not clearly establish constitutional procedure under such admendment [sic] as where they removed me from my home without proper warrant. Therefore illegally detaining me.

(Compl. at ¶ IV, and page 5 annexed thereto). As a result, Plaintiff seeks to recover "monetary damages in the sum certain amount of $350,000,000.00." (Compl. at ¶ V).

## DISCUSSION

I. <u>In Forma Pauperis</u>

Having reviewed Plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court finds that he is qualified to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed <u>in forma pauperis</u> is GRANTED.

II. <u>Application of the Prison Litigation Reform Act</u>

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an <u>in forma pauperis</u>

2

complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or

3

> usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a

Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

A. Claims Against Richard Dormer, Police Commissioner

Although Plaintiff names Police Commissioner Richard Dormer as the sole Defendant, there are no factual allegations concerning any conduct attributable to him in the Complaint. Thus, it appears Plaintiff seeks to hold the Defendant liable solely because of the position he holds. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See, supra at 4-5. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009); see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of

5

defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondent superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement of Defendant Dormer. Accordingly, the Section 1983 claim asserted against the Defendant is not plausible and is dismissed.

B. Leave to File an Amended Complaint

A district court should not dismiss a pro se complaint "'without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Given the allegations in the Complaint, the Court affords Plaintiff an opportunity to name a proper Defendant. **Plaintiff is granted leave to file an Amended Complaint to name the individual or individuals whom he claims violated his constitutional rights and to allege the personal involvement of those individuals in the alleged constitutional deprivation within thirty (30) days from the date this Order is served with notice of entry upon him.** Plaintiff

has identified three individuals in the body of the present Complaint. To the extent these are the individuals whom he claims violated his constitutional rights, Plaintiff shall so state in any Amended Complaint and include the personal involvement of each such individual in the alleged constitutional violation.

If there are other individuals that Plaintiff seeks to name as Defendants in his Amended Complaint and he cannot identify the individuals personally involved in the constitutional deprivations within the time allowed in this Order, he may designate those Defendants as "John/Jane Doe, working at (<u>location</u>) on (<u>date</u>)" in the caption and in the body of the Amended Complaint and provide descriptive information of those individuals in the body of the Amended Complaint to allow for their subsequent identification.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is granted, but the Complaint is <u>sua sponte</u> dismissed as against Richard Dormer, Police Commissioner, with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and **Plaintiff is granted leave to file an Amended Complaint as set forth herein within thirty (30) days from the date this Order is served with notice of entry upon Plaintiff.** Furthermore, the Clerk must mail a copy of this Order to the Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated:    February   22  , 2012
          Central Islip, New York